UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAFAEL WATSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:19-cv-3398 ACL |
| ) | |
| RICH JENNINGS, et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of documents filed by Rafael Watson. For the reasons explained below, Watson will be given the opportunity to file an amended pleading.

**Background**

On May 16, 2011, Watson pleaded guilty to two counts of first-degree statutory sodomy, one count of statutory rape, and one count of furnishing pornographic material to a minor. *State of Missouri v. Rafael Watson*, No. 10SL-CR02453-01 (21st Jud. Cir. 2010). On May 17, 2011, he was sentenced to ten-year term of imprisonment. He did not appeal.

On August 3, 2011, Watson filed a motion for post-conviction relief. *Watson v. State of Missouri,* No. 11SL-CC03235 (21st Jud. Cir. 2011). On June 8, 2012, he voluntarily dismissed the motion, with prejudice. On January 24, 2014, he filed a petition for writ of habeas corpus in this Court. *Watson v. Villmer*, No. 4:14-cv-199 ERW (E.D. Mo. 2014). On February 24, 2014, the Court dismissed the petition after determining that it was untimely, and that Watson had failed to show cause why it should not be dismissed as such.

Watson initiated the instant action by filing a document titled "Motion for Void Judgment." (ECF No. 1.) He was incarcerated at the time, and he named his custodian as the respondent. He

did not use a Court-provided form, as required by this Court's Local Rules. *See* E.D.Mo. L.R. 2.06(A). He sought a determination that his federally protected rights were violated during the 2010 criminal proceedings, and he asked the Court to order his release.

On January 23, 2020, Watson filed an amended pleading, again failing to use a Court-provided form. The pleading is titled "Suit at Common Law for Injuries and Damages," and it names the following individuals as defendants: The Honorable Maura B. McShane, Assistant Prosecuting Attorney Sheila D. Whirley, Public Defender Michelle L. Burriel,[1] and Detective T.B.N. (ECF No. 3). In the pleading, Watson claims that the defendants violated his constitutional rights during the 2010 criminal proceedings, and he seeks a judgment to that effect. He also seeks release from custody, and compensatory and punitive damages in the amount of $5,000,000 against each defendant.

On March 20, 2020, Watson filed a notice of change of address. (ECF No. 6.) Therein, Watson stated he would be released from confinement on March 31, 2020, and he provided the address of a private residence. Review of the Missouri Department of Corrections online Offender Search indicates that Watson has been released on parole. On April 7, 2020, Watson filed a motion seeking leave to amend his pleadings, stating that there were "several items that need to be amend" to this action, including a claim against the Clerk of Court for the Missouri Court of Appeals for actions related to a writ he sought to file. (ECF No. 7.)

## Discussion

Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials. However, these statutes differ in both scope and operation. Generally, a

---

[1] Review of Watson's criminal proceedings indicates that Burriel served as his public defender, Whirley appeared on behalf of the State, and Judge McShane presided.

person in custody under a state court judgment who seeks a determination that the custody violates a federally protected right falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254.[2] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, actions against state officials for civil wrongs may be presented in a § 1983 action.

Sometimes when the exact nature of a civil action is unspecified, a court can look to the relief requested to determine whether the action is one filed pursuant to § 1983, or § 2254. If the pleader seeks monetary relief for civil rights violations committed by state officials, the case is most likely a § 1983 action. However, if the pleader seeks to expunge or vacate a state court judgment and/or seeks release from state custody, the action most likely falls under § 2254. Here, Watson has filed documents seeking both types of relief. While Watson may simultaneously seek both types of relief by filing separate civil actions, he may not proceed under both statutes simultaneously in a single action.

Rather than speculate as to the type of action Watson intended to initiate, the Court will allow him to file an amended pleading. The Court will provide him with the appropriate forms to initiate both types of actions. As noted above, Watson is required to use a Court-provided form. *See* E.D.Mo. L.R. 2.06(A). Watson is reminded that he may not file a second or successive petition for writ of habeas corpus under 28 U.S.C. § 2254 without first receiving authorization to do so from the United States Court of Appeals for the Eighth Circuit.[3] The Court will hold Watson's

---

[2] A person's parole status constitutes a sufficient restraint on his liberty to place him "in custody" for purposes of the statute providing that habeas corpus relief is available if it is found the petitioner is in custody in violation of the Constitution or laws of the United States. *Jones v. Cunningham,* 371 U.S. 236, 241-42 (1963).

[3] As noted above, Watson's 2011 application for writ of habeas corpus was dismissed as untimely. The dismissal of a habeas petition on the ground of untimeliness is a determination "on the merits" for purposes of the successive petition rule. *See, e.g., In re Rains,* 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); *Diaz-Diaz v. United States,* 297 F. App'x 574, 575 (8th Cir. 2008) (per curiam) (a later motion for collateral relief is considered "second or successive" if the earlier motion was dismissed as untimely).

3

motion for leave to proceed *in forma pauperis* in abeyance, but will deny as moot his motion seeking leave to amend his pleadings because he will be able to accomplish that goal by complying with this Order.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to Watson a copy of this Court's form Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, a copy of this Court's Prisoner Civil Rights complaint form, and a copy of this Court's Civil Complaint form.

**IT IS FURTHER ORDERED** that, within 30 days of the date of this Order, Watson shall file an amended pleading on the appropriate form.

**IT IS FURTHER ORDERED** that Watson's Motion to Amend (ECF No. 7) is **DENIED**.

**Watson's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 1st day of May, 2020.

/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE