## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| RAFAEL WATSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-3398 ACL |
| | ) | |
| RICH JENNINGS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court upon review of petitioner Rafael Watson's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, and motion for leave to proceed *in forma pauperis*. The Court will grant Watson leave to proceed *in forma pauperis*, and will deny and dismiss the petition because it is successive and was filed without authorization from the Eighth Circuit Court of Appeals.

### Background

The background of this case is fully set forth in the Court's May 1, 2020 order. However, following is a brief recitation. On May 16, 2011, Watson pleaded guilty to two counts of first-degree statutory sodomy, one count of statutory rape, and one count of furnishing pornographic material to a minor. *State of Missouri v. Rafael Watson*, No. 10SL-CR02453-01 (21st Jud. Cir. 2010). On May 17, 2011, he was sentenced to ten years' imprisonment. He did not appeal. He filed a motion for post-conviction relief, but then voluntarily dismissed it. *Watson v. State of Missouri,* No. 11SL-CC03235 (21st Jud. Cir. 2011). On January 24, 2014 in this United States District Court, Watson filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus,

seeking to challenge the 2011 state court judgment. *Watson v. Villmer*, No. 4:14-cv-199 ERW (E.D. Mo. 2014) (hereafter "*Watson I*"). That petition was dismissed as time-barred.

Watson initiated this action on December 26, 2019 by filing a document titled "Motion for Void Judgment," seeking to challenge the 2011 state court judgment and asking the Court to order his release. On January 23, 2020, he filed an amended pleading titled "Suit at Common Law for Injuries and Damages" seeking release from custody, and seeking to recover monetary relief from state officials involved in his state court criminal proceedings. On March 20, 2020, Watson notified the Court he would soon be released from confinement and updated his mailing address, and review of publicly-available information posted on the Missouri Department of Corrections' website indicated that he was on parole. On April 7, 2020, Watson filed a motion again seeking leave to amend his pleadings.

On May 1, 2020, the Court entered an order directing Watson to file an amended pleading and clarify whether he intended to seek relief pursuant to 28 U.S.C. § 2254 or 42 U.S.C. § 1983. The Court clearly explained the relief available under both statutes, and explained that while Watson could simultaneously seek both forms of relief in separate actions, he could not seek both forms of relief in a single action. The Court also explained that Watson could not file a second or successive petition for writ of habeas corpus under § 2254 without first receiving authorization to do so from the Eighth Circuit Court of Appeals, and that the dismissal of his 2011 petition would render a later one "second or successive."[1]

---

[1] As the Court advised Watson, the dismissal of *Watson I* was a dismissal "on the merits" for purposes of determining whether a later application is "second or successive." *See Diaz-Diaz v. United States*, 297 F. App'x 574, 575 (8th Cir. 2008) (per curiam) (the denial of an earlier application for collateral relief as untimely is considered to be made on the merits for purposes of determining whether a later application is "second or successive"); *see also Johnson v. Workman*, 446 F. App'x 92, 93 n.1 (10th Cir. 2011) ("The dismissal of a § 2254 petition as time-barred is a decision on the merits for purposes of determining whether a subsequent petition is second or successive").

Watson responded by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus seeking to challenge the same 2011 judgment he challenged in his earlier § 2254 petition. He also filed a supplemental document titled "Writ of Habeas Corpus and Motion Amend/Correct Complaint Rafael Watson," in which he complains of various infirmities in his 2011 state court case.[2]

### Discussion

Watson clearly intends to seek relief pursuant to 28 U.S.C. § 2254. He also clearly intends to challenge the same state court judgment he challenged in *Watson I*, which was adjudicated on its merits, and his claims were brought, or could have been brought, in that case. Accordingly, the instant petition is a second or successive application. A claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, as this Court previously advised Watson, for claims in a successive application that were not presented in a prior application he is required to "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

To the extent Watson seeks to re-litigate claims he brought in *Watson I*, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent Watson seeks to bring new claims for relief, because he has not sought, much less obtained, the required authorization from the Eighth Circuit Court of Appeals, this Court lacks jurisdiction to consider his petition. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007). When a second or successive application for collateral relief is filed in a district court without the authorization of the court of appeals, the district court should dismiss it, or, in its discretion, transfer it to the appellate court so long as it

---

[2]To the extent Watson seeks monetary relief against any state official, as the Court previously advised him, such relief is not available in a 28 U.S.C. § 2254 action.

3

is in the interests of justice. Here, the Court finds it would not be in the interest of justice to transfer the petition to the Eighth Circuit Court of Appeals. The Court will therefore dismiss it for lack of jurisdiction. Finally, the Court finds that Watson has not made a substantial showing that he was denied a constitutional right, and will therefore not issue a certificate of appealability.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner Rafael Watson's motion to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner Rafael Watson's petition for writ of habeas corpus is **DENIED AND DISMISSED**. A separate Order of Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this ___8th___ day of July, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

4